PROSKAUER ROSE LLP
Sally L. Schneider (SLS-0909)
1585 Broadway
New York, New York 10036
(212) 969-3803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| TRUSTEES of the MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND, <br><br> and <br><br> MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK, by its Business Manager Robert Bonanza, <br><br> Plaintiffs, <br><br> - against - <br><br> PETER ALVAREZ and PETER ALVAREZ d/b/a MR. DEMO, <br><br> Defendant. | 05 Civ. 8964 (PAC) [ECF Case] <br><br><br> **COMPLAINT** |

-------------------------------------------------------------------X

Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds") and the Mason Tenders District Council of Greater New York (the "Union"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the

Funds and by the Union, through its Business Manager, for injunctive and other equitable relief and for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated his collective bargaining agreement, the respective trust Agreement of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:
   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));
   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);
   (c) 28 U.S.C. § 1331 (federal question);
   (d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and
   (e) principles of pendent jurisdiction.

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

PARTIES

4. Plaintiff Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining Agreement in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining Agreement between employers in the building and construction industry and the Union. The Mason Tenders District Council Welfare Fund also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS- LECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Trust Fund ("NYSHST") and the Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, GNY-LECET, NYSHST and IAP. The Funds maintain their offices and are

administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6. Plaintiff Union is a labor organization within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union is the representative of its constituent locals, each local being a labor organization operating as a labor union with more than seven members within the City and State of New York. The Union maintains its offices and is administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

7. Robert Bonanza is the Business Manager of the Union and brings this action for dues checkoffs and Political Action Committee ("PAC") contributions in his representative capacity pursuant to section 12 of the General Associations Law of the State of New York.

8. Defendant Peter Alvarez ("Alvarez") was doing business under the name Mr. Demo, an unincorporated business, in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

9. Defendant Alvarez, as the owner of an unincorporated business, executed a collective bargaining agreement with the Union (the "Agreement"), with respect to which plaintiff Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Agreement.

10. Defendant Alvarez, as the owner of an unincorporated business, acted in his own interests and was vested with authority and control with respect to all obligations owed under the terms of the Agreement.

THE AGREEMENT AND TRUSTS

11. By its terms, the Agreement, *inter alia*, personally bound defendant Alvarez to all the obligations under the Agreement. The Agreement provides in relevant part:

3

      IN WITNESS WHEREOF the parties hereto have caused this Agreement to be signed this day and year by their duly authorized officers, and represent to each other that they were duly authorized to enter into this Agreement.  The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement and said person warrants and represents that said person has authority to bind the Employer and the principals or members thereof.

12.     Pursuant to the terms of the Agreement and the Trusts, defendant Alvarez is required, *inter alia*, to:

    (a)     pay monetary contributions (the "fringe benefit contributions") to the Funds and to the authorized agent of the NYS-LECET, NYSHST and IAP, at the rates and times set forth in the Agreement, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

    (b)     submit contribution reports to the Funds;

    (c)     in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

    (d)     deduct and remit to the Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who authorize said deductions in writing, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

    (e)     permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all books and records of defendant, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, NYS-45 (NY) and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendant;

(f)  in the event defendant fails to produce the books and records necessary for an audit, defendant is obligated to pay a penalty of $400.00, and if the Funds bring an action to obtain an audit, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action;

(g)  pay the costs of the audits if defendant is substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit;

(h)  in the event the Funds bring an action to recover the costs of the audits, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action; and

(i)  in the event defendant engages in a substantial violation of the ratio of Tier B and Tier A Interior Demolition Workers during a quarter, defendant shall be required to contribute to the Funds, the total differential in wages and benefits that defendant should have paid but did not pay.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

13.  Pursuant to the terms of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to plaintiff Funds in accordance with the terms and conditions of the Agreement.

14.  Failure to make such payment or timely payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

15.  The Agreement, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(FUNDS' CLAIM AGAINST DEFENDANT
FOR FRINGE BENEFIT CONTRIBUTIONS)

16. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

17. As a result of the work performed pursuant to the Agreement by individual employees of defendant Alvarez during the period October 25, 1999 through November 30, 2000, fringe benefit contributions in an amount no less than $29,211.00 (as estimated from shop steward reports) became due and owing to plaintiff Funds from said defendant.

18. No part of the aforesaid fringe benefit contributions contractually due plaintiff Funds has been paid by the defendant, although all fringe benefit contributions have been duly demanded. Plaintiff Funds have therefore been damaged in the amount of at least $29,211.00.

19. Defendant Alvarez's failure to make payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

20. Accordingly, pursuant to the Agreement, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant Alvarez is liable to plaintiff Funds for: (a) fringe benefit contributions in an amount no less than $29,211.00, plus such additional amounts found due and owing to plaintiff Funds pursuant to an audit of defendant's books and records for the period October 25, 1999 to the date of judgment; and (b) the interest and liquidated damages on the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred in this action.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(FUNDS' DEMAND FOR AN ORDER DIRECTING
DEFENDANT TO PERMIT AN AUDIT
AND TO PAY THE COSTS THEREOF)

21. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22. Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraphs 12(e) and (g) above, defendant Alvarez is required to permit and cooperate with plaintiff Funds and/or their designated representatives in the conduct of audits of all of defendant's books and

records, and to pay the costs thereof if such audits confirm that defendant is substantially delinquent in the payment of fringe benefit contributions for such periods.

23. Defendant has failed to cooperate and produce his books and records for an audit, despite due demand therefor.

24. As a result of defendant's aforesaid failure to make payment and his failure to cooperate and permit an audit, plaintiff Funds have reason to believe that additional fringe benefit contributions are due and owing.

25. Defendant's failure to cooperate and permit an audit constitutes a violation of the Agreement and the Trusts.

26. Accordingly, pursuant to the Agreement and the Trusts, plaintiff Funds demand an Order directing defendant Alvarez to permit and cooperate in the conduct of an audit and produce all books and records for the period October 25, 1999 to the date of judgment, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(FUNDS' CLAIM AGAINST DEFENDANT
FOR DAMAGES)

27. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraph 12(f) above, defendant Alvarez is obligated to pay a penalty and to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing this action if defendant fails to produce the books and records necessary for an audit.

29. Defendant has failed to cooperate and produce his books and records for an audit, although all such books and records have been duly demanded.

30. Defendant's failure to cooperate and produce his books and records for an audit constitutes a violation of the Agreement and the Trusts.

31. Accordingly, pursuant to the Agreement and the Trusts, defendant Alvarez is liable to plaintiff Funds in the amount of $400.00, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(UNION'S CLAIM AGAINST DEFENDANT
FOR BREACH OF THE AGREEMENT)

32. Plaintiff Union repeats and realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. As a result of work performed pursuant to the Agreement by individual employees of defendant during the period October 25, 1999 through November 30, 2000, dues checkoffs and PAC contributions in an amount no less than $2,502.50 (as estimated from shop steward reports) became due and owing to plaintiff Union from said defendant.

34. No part of the aforesaid dues checkoffs and PAC contributions contractually due has been remitted by defendant to plaintiff Union, although all unremitted dues checkoffs and PAC contributions have been duly demanded. Plaintiff Union has therefore been damaged in the amount of at least $2,502.50.

35. Defendant Alvarez's failure to remit such deductions constitutes a violation of the Agreement.

36. Accordingly, pursuant to the Agreement and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendant Alvarez is liable to plaintiff Union for unremitted dues checkoffs and PAC contributions in an amount no less than $2,502.50, plus such additional amounts found due and owing to plaintiff Union pursuant to the aforesaid audit of defendant's books and records for the period October 25, 1999 to the date of judgment, with interest.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(FUNDS' CLAIM FOR INJUNCTIVE RELIEF
AGAINST DEFENDANT)

37. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38. As set forth above, defendant Alvarez has breached, and is currently in breach of his obligations under the Agreement and the Trusts, and has violated section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and section 515 of ERISA (29 U.S.C. § 1145).

39. Defendant's prior conduct demonstrates a significant likelihood that he will continue to breach the aforementioned contractual and statutory provisions.

40. Plaintiff Funds will suffer immediate and irreparable injury unless defendant Alvarez, his agents, servants and employees are enjoined from failing, refusing or neglecting to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so pursuant to the Agreement, the Trusts and ERISA.

41. Plaintiff Funds have no adequate remedy at law to insure that defendant will adhere to his continuing obligations under the Agreement, the Trusts and ERISA.

42. Accordingly, plaintiff Funds request that this Court issue an injunction preliminarily and permanently enjoining defendant Alvarez, his agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreement and the Trusts and requiring him to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so pursuant to the Agreement, the Trusts and ERISA.

WHEREFORE, plaintiffs demand judgment against defendant Alvarez for:

(a) payment of all past due fringe benefit contributions in an amount no less than $29,211.00, plus all additional amounts found due and owing to plaintiff Funds pursuant to an audit of defendant's books and records for the period October 25, 1999 to the date of judgment, and which become due during the pendency of this action;

(b) for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(c) for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d) for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(e) for an Order requiring defendant to permit and cooperate in the conduct of an audit of defendant's books and records for the period October 25, 1999 to the date of judgment, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period;

(f) for payment of $400.00 for failure to produce his books and records for an audit, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreement and the Trusts;

(g) for remittance of all dues checkoffs and PAC contributions in an amount no less than $2,502.50, plus all additional amounts found due and owing to plaintiff Union pursuant to an audit of defendant's books and records for the period October 25, 1999 to the date of judgment, and which become due during the pendency of this action, with interest;

(h) for an Order preliminarily and permanently enjoining defendant, his agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreement and the Trusts requiring him to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so in accordance with ERISA, the Agreement and the Trusts; and

(i) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 20, 2005

                                    PROSKAUER ROSE LLP
                                    Attorneys for Plaintiffs

                                    By: /s/ Sally L. Schneider
                                        Sally L. Schneider (SS-0909)
                                    1585 Broadway
                                    New York, New York  10036
                                    (212) 969-3803